CONERY, J.,
concurs in the result for the following reasons.
hln this un-witnessed alleged trip and fall accident near the entrance to the Aca-diana Mall, the trial judge granted an involuntary dismissal of plaintiffs case, stating in rather cryptic oral reasons, “I am going to grant the Motion for Directed Verdict, finding that it’s an open and obvious puddle and that it was obvious to Mr. Trahan and it was obvious to the general public. It’s certainly obvious from the photos that it was [a] puddle after a rain storm.” (emphasis added). His written reasons further stated, “After considering the evidence presented and the credibility of the witnesses’ testimony, the court found the water puddle to be an open and obvious hazard to all.” (Emphasis added.) He made no further comments and did not state how “witness credibility” affected his findings or exactly what he meant by the term “water puddle” or “puddle.”
I think it is clear that there is sufficient evidence in the record to support a finding by the trial judge that the area where Mr. Trahan allegedly slipped and fell, and not just the accumulated water, was an open and obvious condition such that it did not constitute an unreasonable risk of harm to the public. If so, Acadiana Mall would have no duty to warn and could not be liable under La.Civ.Code art. 2317.1, as recently interpreted by our supreme court in Broussard v. State, through the Office of State Bldgs., 12-1238 (La.4/15/13), 113 So.3d 175.
Unfortunately, the trial judge’s actual wording was not that specific. The record supports a finding that the “water puddle” accumulated from a recent rainstorm as noted in the Mall’s incident report. However, the majority concludes that Mr. Tra-han slipped in algae immediately adjacent to the water puddle, and that the “water puddle” was not the legal cause of the accident. I do not agree. I believe the trial judge, in using the word “puddle” in his oral reasons and “water puddle” in his written reasons meant that term to include the algae, mud, and debris immediately adjacent to the actual water puddle (referred to as “crud” or “eroosh” by the parties), and it was that entire condition that was open and obvious. The pictures introduced into evidence clearly support such a finding.
The plaintiff, Mr. Trahan, was extremely familiar with the mall area and parking lot, as he had a habit of regularly walking at the mall for exercise. He clearly was familiar with the multitude of open parking spots and the many ways with which to access the mall entrances. With an entire mall parking lot to park his car and multiple locations from which to enter the mall, Mr. Trahan chose the one location to walk through that had an obvious accumulation of water, with mud, algae and “eroosh” equally obvious on the edges of the water puddle, all as clearly shown by the pictures introduced in evidence. Thus, the “condition” giving rise to his fall was open and obvious.
Unfortunately, the trial judge did not specify what he meant by “puddle” or “water puddle.” He simply found the “water puddle to be an open and obvious hazard *366 to all.” The majority pointed out that it found based on a review of the pictures in the record that the exact location of the fall was allegedly inches from the actual “water,” and pointed out that the “slip” occurred in the mud and |s“croosh” immediately adjacent to the water based on a picture showing what appeared to be a skid mark in the mud. The trial judge makes no specific finding that the alleged “skid mark” in the mud was the exact location of the fall. Since this case was decided on the basis of an involuntary dismissal pursuant to La.Civ.Code art. 1672(B), and not as a result of a full trial on the merits, I reluctantly concur in the result to remand to the trial court for completion of a full trial on the merits. A remand will allow the defendant to put on all its evidence and allow the trial judge to make more specific findings and specific credibility determinations.